**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Arturo ARMENTA, Defendant–Appellant.**

No. 00–55136.

D.C. No. CV–97–02269–GT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2001.

Decided May 2, 2001.

---

1. All pending motions are denied.

Before HUG, DUHÉ,* and TALLMAN, Circuit Judges.

* The Honorable John M. Duhé Jr., Senior Circuit Judge for the Fifth Circuit, sitting by designation.

## MEMORANDUM **

Jose Arturo Armenta appeals the District Court's denial of his motion for 28 U.S.C. § 2255 relief. Armenta argues that because his counsel provided ineffective assistance at his sentencing hearing, causing him not to receive a two-level acceptance of responsibility adjustment under the United States Sentencing Guidelines, we should vacate his sentence and remand to the District Court for presentation of evidence regarding Armenta's acceptance of responsibility. Since Armenta's counsel was not unconstitutionally ineffective, we affirm.

## BACKGROUND

Armenta pleaded guilty to conspiracy to possess with intent to distribute cocaine. In his plea agreement, Armenta retained the right to appeal the denial of a motion he made to suppress evidence. After entry of his plea, the court sentenced Armenta to 360 months in prison.

Following a number of unsuccessful appeals of the denial of his motion to suppress, Armenta filed the § 2255 motion at issue here. In his § 2255 motion, Armenta contended that his guilty plea was defective and that his counsel's advice not to accept responsibility at his sentencing hearing constituted ineffective assistance of counsel. The government responded that Armenta's counsel was not unconstitutionally ineffective because a coherent trial strategy informed Armenta's counsel's advice at sentencing. That is, Armenta's counsel advised him not to accept responsibility so that Armenta would avoid making admissions that might prove problematic in the event that he obtained a retrial.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The District Court denied Armenta's § 2255 motion. Armenta moved for reconsideration, which motion the District Court also denied. Armenta appeals the District Court's ruling regarding only the ineffective assistance of counsel component of his § 2255 motion.

## DISCUSSION

 Counsel is unconstitutionally ineffective when attorney performance is deficient and the deficiency prejudices the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel is deficient when attorney performance is unreasonable: "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688, 104 S.Ct. 2052. Courts applying this standard are "highly deferential" *Id.* at 689., 104 S.Ct. 2052 The standard, moreover, requires courts to make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Accordingly, in this standard inheres a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Along with this presumption, defendants seeking relief for ineffective assistance must "overcome" another: "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

Armenta has not overcome these presumptions. Armenta's counsel's advice at sentencing might be considered sound trial strategy. Armenta's counsel advised Armenta not to accept responsibility so that Armenta would avoid making admissions that might haunt him in a retrial. Under the circumstances, this advice was not unreasonable.

Because Armenta's counsel at sentencing was not unconstitutionally ineffective, the District Court properly denied his § 2255 motion.

AFFIRMED.